## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DAVID WILSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-CV-869 NCC |
| ANNE L. PRECYTHE, et al., | ) ) ) |
| Defendants, | ) |

### MEMORANDUM AND ORDER

This case is before the Court on two motions filed by self-represented Plaintiff David Wilson. First, Plaintiff seeks reconsideration of part of the Court's Order (ECF No. 8) granting Plaintiff *in forma pauperis* status, directing him to make an initial partial payment of $5.65, and directing that the remainder of the filing fees and costs be withdrawn from Plaintiff's prison account over time, as directed by 28 U.S.C. § 1915(b)(1)-(2). ECF No. 10. Instead of payment of the remainder of the fee over time, Plaintiff seeks a waiver of the remaining amount due after payment of his initial partial payment of $5.65. Second, Plaintiff filed a "Motion to Compel: An Injunctive Order for Preservation," in which he requests that the Court issue an order directing defendants associated with the Missouri Department of Corrections to preserve digital and electronic evidence. ECF No. 14. For the reasons discussed below, both of these motions will be denied.

### Motion to Reconsider Waiver of Full Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial

filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner **is required** to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

The payment of filing fees and costs by prisoners through withdraws from their prison account over time, is mandated by federal statute. *See* 28 U.S.C. § 1915(b)(2). It is not up to the discretion of the Court. As such, Plaintiff's motion to reconsider the payment of the remaining fees due in this case, will be denied.

## Motion to Compel an Order to Preserve Evidence

In this motion, Plaintiff requests that the Court "enter an Order against the Defendants compelling them to comply with preserving all digital materials, electronically stored data, electronical evidence, digital or otherwise, surveillance video, security video, etc., as it relates to the complaint and the day in question, March 23rd, 2023, beginning at 12:30 am through 5:30 am." ECF No. 14 at 1. Plaintiff's stated reason for the request is that it would ensure that this evidence is available in the discovery phase of litigation of this matter. *Id.* at 2. Plaintiff does not request that the records be produced at this time, he just wants a court order that the records will be preserved.

Plaintiff argues that without such an order, Defendants could "misplace, destroy, conceal, or deny possession and/or deny their ability to obtain possession of such materials as they have done in similar circumstances." *Id.* In support of this statement, Plaintiff cites to an attachment

2

to his motion: a Missouri Department of Corrections ("MDOC") Memo from a different court case, where MDOC responds to two subpoenas for surveillance records from a MDOC facility by stating that they were "not in possession of any records responsive to the[] subpoenas." *Id.* at 4.

Plaintiff's motion will be denied. The Court has not yet completed initial review of Plaintiff's pleadings in this matter under 28 U.S.C. § 1915(e)(2)(B). No Case Management Order has been issued. Finally, no discovery has been authorized in this case. Importantly, Plaintiff has not presented any factual allegations that Defendants will improperly dispose of potential evidence in this case. MDOC's reply in a different legal matter that they had no evidence responsive to a subpoena is not evidence that MDOC destroyed any potentially relevant evidence. Finally, Defendants are under an obligation to preserve potentially relevant evidence under their control. Any failure to preserve such evidence might lead to sanctions for spoliation of evidence. *See Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1035 (8th Cir. 2007).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration [ECF No. 10] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel [ECF No. 14] is **DENIED**.

Dated this 28th day of November, 2023.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

3